IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DANAE SKIBA, MELISSA COOK,** § | | **CAUSE NO. 4:20-CV-02656** |
| **and SARA DAILEY** on behalf of § | | |
| themselves and all others similarly § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | **JURY TRIAL DEMANDED** |
| § | | |
| **GGH-THE FITNESS GROUP, LLC,** § | | |
| d/b/a **GOLD'S GYM HOUSTON** d/b/a § | | |
| Fitness Project; and **TIMOTHY** § | | |
| **BRYAN MURPHY** (a/k/a T. BRYAN § | | |
| **MURPHY)** § | | |
| *Defendants*. § | | |

## PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS

TO:   The Honorable Judge Andrew Hanen:

Plaintiffs file this motion to compel Defendants' production of all discoverable materials as stated in Judge Hanen's standing Order. (Dkt. No. 36)

Dated: August 17, 2022.

                    Respectfully Submitted,

                    /s/Gabrielle O. Ilochi
                    Gabrielle O. Ilochi
                    Fed. Bar No. 3256155
                    Texas Bar No. 24107815
                    ILOCHI LAW FIRM
                    11601 Shadow Creek Pkwy., #111-325
                    Houston, Texas 77584
                    713.487.9072 (Telephone)
                    713.583-7022 (Facsimile)
                    gabrielle@ilochilaw.com
                    **COUNSEL FOR PLAINTIFFS**

*Plaintiffs' Motion to Compel* – 1

# I. PROCEDURAL HISTORY

1.  After several weeks of failed attempts at resolving discovery issues with counsel for Defendants, on June 13, 2022, counsel for Plaintiffs submitted a *Letter to the Court* (**Exhibit A**) outlining several outstanding discovery disputes with Defendants.

2.  On June 21, 2022, Defendants submitted their version of the outstanding discovery dispute in a *Letter to the Court*.

3.  On June 24, 2022, the Court provided a *Notice of Setting* for a discovery hearing on outstanding matters scheduled for June 27, 2022 at 4:30 P.M.

4.  On June 27, 2022, counsel for Plaintiffs called into the conference in a timely fashion as directed, while counsel for Defendants called in approximately ten to fifteen minutes late. Counsel for the Parties then discussed all outstanding discovery matters with the Judge. By the end of the discovery conference, the Judge made several rulings regarding Defendants' failure to produce and respond to discovery requests.

5.  On June 28, 2022, minutes and an order from the June 27, 2022 discovery conference were entered. (Dkt. No. 36) In the Order, Judge Hanen required Defendants to "[U]pdate their responses to Plaintiffs' interrogatories, requests for production and requests for admission by July 22, 2022."

6.  On July 22, 2022, Defendants submitted their alleged amended discovery responses to Plaintiffs. To date, Defendants' responses have been and remain insufficient with counsel for Defendants expressing no intent to adhere to Judge Hanen's Order.

7.  In its July 22, 2022 discovery responses, Defendants failed to produce responsive materials in direct violation of a Court Order. Defendants' responses not only failed to refer to specific Bates stamped materials, but it also failed to produce any documents as maintained in the normal course

of business, thus resulting in a chaotic mass of disorganized documentation. Furthermore, despite having been ordered to do so, Defendants amended their discovery responses only to reassert their previous objections regarding the requested responsive materials. (See Exhibit A)

8.     Moreover, the documentation and materials provided by Defendants make a mockery of the standing Order and qualify as contempt of court. Despite producing more than three thousand pages of documents, Defendants submitted only one batch of truly responsive materials in the form of paystubs from approximately eight employees employed between 2018 and 2021. Notwithstanding, the overwhelming majority of documents provided were completely blank forms absent of all information, numerous duplicates of said forms, print advertisements for Defendants' facilities, and two scanned PDF copies of a book, not authored by Defendants, entitled, *Work the System – Mechanics of Making More by Working Less.*

9.     Overall, Defendants' lack of respect for this Court and a standing Order are astounding and qualify as contempt of court. As such, and given the rapidly approaching discovery deadline and depositions, Plaintiffs submit this Motion to Compel outstanding discoverable materials, and request sanctions for all associated costs.

## II. ARGUMENT AND AUTHORITIES

10.    By failing to properly amend its discovery responses and to provide the necessary materials as directed by Judge Hanen's Order, Defendants are in contempt of court thus warranting sanctions. Fed. R. Civ. P. 37(b)(2)(A). Rule 37 of the Federal Rules of Civil Procedure states the following, "If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). More specifically, this failure to comply may be treated as

contempt of court for failure to obey the order. Fed. R. Civ. P. 37(b)(2)(A)(vii)

11. In its June 28, 2022 Order (Dkt. No. 36) the court clearly ordered Defendants to produce responsive materials in response to Plaintiffs' discovery requests. To date, Defendants have not only refused to do so, they have taken full advantage of the rapidly approaching discovery deadlines, routinely stating a lack of urgency regarding this matter.

12. It remains clear that Defendants are doing everything possible to further stall these proceedings, perhaps in the hopes that Plaintiffs' will run out of resources or grow weary.

13. For these reasons, we request that the Court compel Defendants to produce the responsive materials as stated in the court's order and minutes, and to produce all attorney's fees and costs associated with this motion.

### III. PRAYER

Plaintiffs request that the court compel Defendants to produce all requested information and responsive materials referenced in its June 28, 2022 Order and minutes. Furthermore, Plaintiffs' request that the court order Defendants to produce attorneys' fees incurred in the preparation of this motion.

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Defense counsel Dennis L. Holmgren with the goal to confer on the issues raised herein via email on **August 16, 2022**. Mr. Holmgren failed to respond.

/s/Gabrielle O. Ilochi
**Gabrielle O. Ilochi**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Defendants' counsel of record on this the **17th day of August 2022** via electronic service.

/s/Gabrielle O. Ilochi
**Gabrielle O. Ilochi**

Fed. Bar No. 3256155
Texas Bar No. 24107815
ILOCHI LAW FIRM
11601 Shadow Creek Pkwy., #111-325
Houston, Texas 77584
713.487.9072 (Telephone)
713.583-7022 (Facsimile)
gabrielle@ilochilaw.com
**COUNSEL FOR PLAINTIFFS**